LONGO v. CRACHIOLA.

FRAUD—FALSE PRETENSES—TRESPASS ON THE CASE—DIRECTING
VERDICT.
    A declaration in a case charging defendant with purchasing
    fruit of plaintiffs with intent not to pay for the goods, in pur-
    suance of a general scheme to buy fruit and defraud the sell-
    ers of their pay, is sufficient to support a judgment in a tort
    action, and it was error to direct a verdict for defendant on
    the ground that the plaintiff's declaration should have been in
    assumpsit.

Error to Wayne; Murfin, J. · Submitted February 15,
1911. (Docket No. 170.)   Decided May 8, 1911.

Case by Vincenzo Longo, Gaetano Longo, and Frank
Carlotta, copartners, doing business as the Longo Fruit
Company, against Vincenzo Crachiola for fraud.   A judg-
ment for the defendant on a verdict directed by the court
is reviewed by plaintiffs on writ of error.   Reversed.

*Henry F. Chipman*, for appellants.

*Navin, Sheahan & Kennary*, for appellee.

BLAIR, J.   This is an action on the case, commenced
in justice's court.   The declaration was as follows:

" For that, whereas, heretofore, to wit, the said defend-
ant made various purchases of grapes, oranges, and ba-
nanas from the plaintiffs, who are wholesale fruit dealers,
in the city of Detroit, amounting to the sum of, to wit,
$322, and said plaintiffs allege that the said defendant
fraudulently incurred an indebtedness therefor in the said
sum.   Plaintiffs further allege that they sold said goods
to the said defendant with the understanding that he, said
defendant, would pay for the same within a reasonable
time; that at the time of the purchase of said goods by
the said defendant he did not have the intention to pay
for the same, and in fact had formed the intention not to

pay for the same; that said purchases by said defendant were part of a general scheme to obtain a large amount of credit from various dealers in the city of Detroit, to buy twice as much fruit as said defendant could handle, sell it for less than it had cost defendant, and to retain the proceeds, and not to pay any of his creditors. Plaintiffs further allege that said defendant did fraudulently so scheme to get possession of the goods aforesaid from plaintiffs, with the intention of not paying for them, and with the intention of selling them at less than cost, and not paying plaintiffs for the same; and plaintiffs further allege that in pursuance of said scheme defendant did get possession of said goods, the plaintiffs being ignorant of his intention in the premises at that time, and did sell them for less than cost, with said intention, and that said defendant did not pay plaintiffs for said goods. Plaintiffs further allege that they were deceived by the representations of said defendant that he would pay for said goods, and that said representations were false as aforesaid, and that, but for them, plaintiffs would not have parted with said goods, and that plaintiffs were damaged thereby in the sum of five hundred dollars, and therefore they bring suit."

At the conclusion of the testimony in the circuit court, on appeal, the circuit judge directed a verdict for defendant, giving his reasons in part as follows:

"As stated during the brief argument we have had by the counsel for the plaintiffs, it is the theory of the plaintiffs in this case that, because the defendant, when he bought the last order of bananas, to wit, 110 bunches, because when he bought these bunches, he said, 'I will now go out and collect from my customers and pay you on Monday,' and he did not do that, that was fraudulent. I think, if that were fraudulent, every time any merchant in the city of Detroit neglected to pay his bills at maturity, because some of his customers had not paid him in time, he might with equal success be charged with fraud. I think there is no better settled principle of law than that an action of fraud may not be predicated upon improper representations of a future fact. It must be predicated upon a false representation of an existing or past fact. If he made an improper representation of something that is going to happen in the future, the action is an action of assumpsit, which undoubtedly, under the facts in this

case, will lie. I don't think, however, there is any proof of fraud in this case which warrants the submission to you of the question of fraud, because I do not think it is fraudulent to promise to pay on Monday after you have collected from your customers, and then not pay. There is nothing in this case to indicate whether he tried to collect from them, and failed, or not. All that there is here is that he promised to collect from his customers and pay on Monday, and did not. I don't think that is fraudulent. I could not support a verdict at your hands, if you brought in a verdict based upon such testimony. Holding these views, I think it my duty to direct you to render a verdict of no cause of action."

The gist of the plaintiffs' cause of action, as stated in the declaration, is that defendant purchased the plaintiffs' goods, with the intent on his part, at the time of the purchase, not to pay for them, in pursuance of a general scheme to buy fruit and defraud the vendors out of their pay. The evidence tended to support the cause of action and it was error to direct a verdict for defendant. *Fruit Dispatch Co.* v. *Russo*, 125 Mich. 306 (84 N. W. 308); *Ross* v. *Miner*, 67 Mich. 410 (35 N. W. 60); 35 Cyc. pp. 79, 80.

The judgment is reversed, and a new trial granted.

MOORE, MCALVAY, BROOKE, and STONE, JJ., concurred.